# Arnold v. Sauer.

June 3, 1947.

William H. Field, Judge.

Davis, Boehl, Viser & Marcus and Morris & Garlove for appellant.

Edward J. Hogan for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Reversing.

The action was filed by appellant to recover for personal injuries and damage to his automobile sustained in a collision with an automobile owned and operated by appellee. In his answer appellee denied the allegations of the petition, pleaded contributory negligence, and counterclaimed for personal injuries and damage to his automobile. In a pleading styled "Reply" appellant denied the allegations of the counterclaim, but did not plead contributory negligence in defense of the counterclaim. On the trial appellant testified that while he was properly parked at the curb of Taylorsville Road near its intersection with Trevilian Way in Louisville, at about 8:30 o'clock P. M. on October 23, 1945, his automobile was struck from the rear by one being operated by appellee. He sustained personal injuries and his automobile was badly damaged in the collision. He further testified that he talked to appellee immediately after the accident; that appellee was drunk, and said that he was driving too fast to see appellant's car. Three policemen arrived at the scene of the accident approximately twenty minutes after its occurrence; they testified that appellee was drunk, and that they placed him under arrest. Appellee admitted that he pleaded guilty to a charge of driving an automobile while under the influence of intoxicating liquor and paid the assessed fine of $20 in Police Court; but he testified that he had consumed only one drink of intoxicants previous to the accident, and that he actually was not drunk. He made the following explanation of his plea of guilt:

"Q. I'll ask you to tell the jury why you paid the ten or twenty dollar fine in the Police Court. A. I had been in the Army three years and four months. Two years of that time was spent in a German prison camp. Twenty dollars wouldn't have kept me from getting my discharge.

"Q. Could you have been separated from the service with this charge pending against you? A. As long as there was a Civil Service suit against me I would not have gotten out."

He further testified that the accident occurred at the intersection of Taylorsville Road with Trevilian Way; that appellant entered Taylorsville Road, a boulevard, from Trevilian Way without making the required stop, and that he appeared in appellee's path so suddenly that it was impossible for appellee to prevent the collision. He was corroborated in his account of the accident by the only other eyewitness introduced. However, he admitted that he was traveling thirty-five miles an hour at the time of the accident.

The Court gave the following instructions to the jury:

"Instructions to the Jury

"(1) The term 'ordinary care' as defined here, is that degree of care which is duly exercised by ordinary careful or prudent automobilists under the same or similar circumstances.

"(2) If you believe from the evidence that the Arnold car was parked by the curb on Taylorsville Road and that Sauer ran his car into the rear of the standing car and that Arnold was thereby injured and his automobile damaged then you should find for Arnold against Sauer and unless you so believe you should find for Sauer.

"(3) Taylorsville Road being equivalent to a boulevard, Sauer had the right of way on that road through the intersection with Trevilian Way. If you believe from the evidence that the accident occurred approximately in the intersection mentioned, then you should find for the defendant Sauer on his counter-claim against Arnold, unless you believe from the evidence that Sauer saw, or by the exercise of ordinary care, as defined in the first instruction, could have seen the approach and presence of Arnold in time to have, by the exercise of ordinary care and the use of the means at his command, stopped his car, checked its speed or changed its course in time to have avoided the accident,

in which event you should find for the plaintiff, Arnold, on Sauer's counter-claim against him.

"(4) If you find for Arnold on his direct claim against Sauer, award him such sum as you believe will fairly compensate him for

"(a) For any pain and suffering mental or physical which he underwent as the result of his injuries.

"(b) For the reasonable value of physician's service occasioned thereby, not exceeding $92.00 on this particular account.

"(c) For the difference between the fair market value of his car immediately before and immediately after the collision not exceeding the sum of $650.00 on that account, the whole award, if any, to Sauer not to exceed $5,742.00, the amount claimed.

"If you find for Sauer on his counterclaim under the third instruction against Sauer, you should award him such sum in damages as you believe from the evidence will

"(a) Fairly compensate him for any pain, suffering, mental or physical which he endured as the direct result of his injuries, and

"(b) Will compensate him for the difference between the fair market value of his car immediately before and immediately after the accident, not to exceed $702.00 on this particular account, the whole award, if any, to Sauer against Arnold not to exceed $3,000.00, the amount which is claimed by him."

After the jury retired one of them asked the Court: "Judge, can we find against both?" The Court replied: "No, you have got to find either for one or the other." The jury returned a verdict in favor of appellee on his counterclaim, and assessed his damages at $900.

As grounds for reversal of the judgment, appellant complains of the instructions and the Court's verbal comment thereon. His complaint in respect to the instructions is that the Court failed to give an instruction on contributory negligence of appellee, and that he failed to permit the jury to determine whether he was negligent, and if so that his negligence caused the accident, even if the jury did believe the accident occurred

while both cars were in motion. In considering the instructions in respect to the counterclaim, we think the Court properly refused an instruction on contributory negligence, because appellant did not plead contributory negligence as a defense to the counterclaim. But we are of the opinion that the Court erred in peremptorily instructing the jury that if they believed the accident occurred at the intersection they should find for appellee. It is true that there was no conflict in the evidence to the effect that appellant failed to stop at the intersection as he was required to do, except his own testimony that his car was not in motion at the time of the accident. But if it were to be conceded that the Court should have found as a matter of law that, because of such failure, appellant was guilty of negligence (premised upon the jury's finding that the accident occurred at the intersection), the Court should not have determined as a matter of law that such negligence was the cause of the accident for the following reason. The evidence was sufficient for the jury to conclude that appellee was guilty of negligence in two particulars: (1) That he was so intoxicated as to render him incapable of exercising ordinary care in the control of his automobile; and (2) that by traveling at the admitted speed of thirty-five miles per hour he was not exercising ordinary care to keep his automobile under reasonable control; and that these acts of negligence, either singly or combined, constituted the sole cause of the accident. The instructions should have been so worded as to permit the jury to find for appellant on appellee's counterclaim if they came to this conclusion. But the instructions as given required the jury to find for appellee if the accident happened at the intersection, irrespective of the fact that the jury might be of the opinion that the sole cause of the accident was the negligence of appellee. For this reason the judgment must be reversed; and since the circumstances of the case are so peculiar, we have prepared the following instructions to be used on the next trial if the evidence is the same and the pleadings are not amended:

Instruction No. 1. If the jury shall believe from the evidence that the plaintiff's, Arnold's, automobile was parked on Taylorsville Road at the curb at the time it was struck by defendant's, Sauer's, automobile, and the plaintiff was injured and his automobile was dam-

aged thereby, then the law is for the plaintiff in his claim against the defendant, and you will so find and award him such sum in damages as you may believe from the evidence will fairly and reasonably compensate him for (a) any pain or suffering, mental or physical, which he has endured as the result of his injuries; (b) the reasonable value of physicians' services occasioned by such injuries, not exceeding the sum of $92.00 on this account; and (c) the difference, if any, between the fair marketable value of plaintiff's automobile immediately before and immediately after the collision, not exceeding the sum of $650 on this account; but your whole award may not exceed $5742, the amount claimed. But unless you so believe, you will be guided by the other instructions in this case.

Instruction No. 2. If you shall believe from the evidence that both cars were moving in and the accident occurred at the intersection of Taylorsville Road and Trevilian Way, and that immediately before the accident plaintiff Arnold was proceeding on Trevilian Way and the defendant Sauer was proceeding on Taylorsville Road, then it was the duty of the plaintiff to exercise ordinary care generally to so operate his automobile as not to bring it into collision with other vehicles using the highway; and this duty included the duty of bringing his automobile to a dead stop before entering Taylorsville Road and not to proceed into Taylorsville Road until he could do so with reasonable safety to traffic on Taylorsville Road. Now if the jury shall believe from the evidence that the plaintiff Arnold was negligent, in that he failed to perform any one or more of the duties required of him by this instruction, and by reason of such negligence, if any there was, upon his part, he brought about the collision between his automobile and that of the defendant and the defendant thereby was injured and his automobile damaged, then the law is for the defendant on his counterclaim and you will so find. But if you do not so believe, you will find for the plaintiff on the defendant's counterclaim.

Instruction No. 3. If you shall find for the defendant on his counterclaim, you will award him such sum in damages as you shall believe from the evidence will fairly compensate him for (a) any pain or suffering, mental or physical, which he has endured as the direct

result of his injuries; and (b) for the difference, if any, between the fair marketable value of his car immediately before and immediately after the accident, not to exceed $702 on this account; but the whole award to defendant on his counterclaim may not exceed the sum of $3000, which is the amount claimed.

Instruction No. 4. Negligence, as used in these instructions, means the failure to exercise ordinary care; and ordinary care is that degree of care which a person of ordinary prudence is accustomed to bestow upon the matter in hand under similar circumstances and conditions.

Instruction No. 5. Nine or more members of the jury concurring may make a verdict. If all concur, the verdict may be signed by the foreman; but if less than twelve shall make the verdict, all concurring must sign it.

In the above instructions we have not imposed any duty on appellee under the doctrine of last clear chance, because the evidence on the first trial failed to show any fact or circumstance from which a reasonable inference could be drawn that, after discovery of appellant's peril, appellee could have averted the accident by the use of any means at his command. The Court will give such an instruction if on the second trial the evidence should present this issue.

It is unnecessary for us to discuss the alleged error of the Court in his verbal comment on the instructions.

For the reasons assigned, the judgment is reversed, with directions that it be set aside, that appellant be granted a new trial, and for proceedings consistent with this opinion.